1  **Timothy J. Conway**, OSB No. 851752
    Direct Dial:  (503) 802-2027
2      Facsimile:    (503) 972-3727
    E-Mail:       tim.conway@tonkon.com
3  **James K. Hein,** OSB No. 054621
    Direct Dial:  (503) 802-2129
4      Facsimile:    (503) 972-3829
    E-Mail:       james.hein@tonkon.com
5  **TONKON TORP LLP**
1600 Pioneer Tower
6  888 S.W. Fifth Avenue
Portland, OR  97204
7

      Attorneys for Debtor
8

9

10  IN THE UNITED STATES BANKRUPTCY COURT

11  FOR THE DISTRICT OF OREGON

12  In re                )  Case No.  10-33070-rld11
                     )
13  Redhills Development Company, LLC, a  )  **DEBTOR'S APPLICATION FOR**
limited liability company,         )  **ORDER TO EMPLOY TONKON**
                     )  **TORP LLP AS ATTORNEYS FOR**
14              Debtor.  )  **DEBTOR**
15

16        Redhills Development Company, LLC, Debtor and Debtor-in-Possession

17  herein ("Debtor"), hereby applies to the Court for an order approving the employment of

18  Tonkon Torp LLP ("Tonkon Torp") as Chapter 11 counsel for Debtor.  Debtor makes this

19  Application pursuant to 11 U.S.C. § 327, and the Federal Rules of Bankruptcy Procedure

20  2014, and respectfully represents as follows:

21                      **BACKGROUND**

22        1.      On April 12, 2010, (the "Petition Date") Debtor filed a voluntary

23  petition for relief under Chapter 11 of Title 11 of the United States Bankruptcy Code.

24  Pursuant to Sections 1107 and 1108 of the Code, Debtor continues to operate its business and

25  manage its property as Debtor and Debtor-in-Possession.  No trustee or examiner has been

26  requested or appointed in Debtor's case.

**Page 1 of 5** -  DEBTOR'S APPLICATION FOR ORDER TO EMPLOY TONKON TORP LLP AS
                ATTORNEYS FOR DEBTOR

2. Debtor has provided notice of this Application to its secured creditors, to the 20 largest unsecured creditors, and to the Office of the United States Trustee. No unsecured creditors' committee has yet been appointed in this case. Because of the nature of the relief requested, Debtor respectfully submits that no further notice of the relief requested is necessary or required under the circumstances.

3. Debtor was formed in 2002 and has several real estate developments throughout the Willamette Valley.

4. Debtor desires to retain and employ Tonkon Torp as its counsel in this Chapter 11 case, pursuant to Section 327 of the Code, to represent Debtor in its reorganization, on the terms and subject to the conditions described below.

5. Debtor believes that Tonkon Torp is well suited for this representation. Tonkon Torp has experience in all aspects of the law that may arise in this Chapter 11 case. In particular, Tonkon Torp has substantial bankruptcy and restructuring, corporate, litigation, and real estate expertise.

6. Debtor has asked Tonkon Torp to advise it on its debt restructuring and to render general legal services to Debtor as needed throughout the course of this Chapter 11 case, including bankruptcy and restructuring, corporate, and litigation advice.

7. The services to be performed by Tonkon Torp are necessary in order for Debtor to perform its duties as Debtor-in-Possession. Subject to further order of the Court, Tonkon Torp is qualified to render the following services to Debtor:

a. Advise Debtor of its rights, powers, and duties as Debtor and Debtor-in-Possession continuing to operate and manage its affairs under Chapter 11 of the Code;

b. Take all actions necessary to protect and preserve Debtor's bankruptcy estate, including the prosecution of actions on Debtor's behalf, the defense of any action commenced against Debtor, negotiations concerning all litigation in which Debtor is

**Page 2 of 5** - DEBTOR'S APPLICATION FOR ORDER TO EMPLOY TONKON TORP LLP AS ATTORNEYS FOR DEBTOR

1    involved, objections to claims filed against Debtor in this bankruptcy case, and the

2    compromise or settlement of claims;

3              c.    Advise Debtor concerning, and prepare on behalf of Debtor, all

4    necessary applications, motions, memoranda, responses, complaints, answers, orders, notices,

5    reports, and other papers, and review all financial and other reports required from Debtor as

6    Debtor-in-Possession in connection with administration of this Chapter 11 case;

7              d.    Advise Debtor with respect to, and assist in the negotiation and

8    documentation of, financing agreements, debt and cash collateral orders, and related

9    transactions, if necessary;

10             e.    Review the nature and validity of any liens asserted against

11   Debtor's property and advise Debtor concerning the enforceability of such liens;

12             f.    Advise Debtor regarding (a) its ability to initiate actions to

13   collect and recover property for the benefit of its estate; (b) any potential property

14   dispositions; and (c) executory contract and unexpired lease assumptions, assignments and

15   rejections, and lease restructuring and recharacterizations;

16             g.    Negotiate with creditors concerning a plan of reorganization;

17   prepare the plan of reorganization, disclosure statement, and related documents; take the

18   steps necessary to confirm and implement the plan of reorganization, including, if needed,

19   negotiations for financing the plan; and

20             h.    Provide such other legal advice or services as may be required

21   in connection with this Chapter 11 case or the general operation and management of Debtor's

22   affairs.

23        8.    Subject to Court approval, Debtor has agreed to compensate Tonkon

24   Torp on an hourly basis in accordance with Tonkon Torp's ordinary and customary hourly

25   rates in effect on the date services are rendered.  The Tonkon Torp professionals who will be

26   / / /

**Page 3 of 5** -   DEBTOR'S APPLICATION FOR ORDER TO EMPLOY TONKON TORP LLP AS
          ATTORNEYS FOR DEBTOR

primarily responsible for providing these services, their status and their billing rates are as follows:

| Name | Status Hourly Rate |
|---|---|
| Timothy J. Conway | $400.00 |
| James K. Hein | $225.00 |
| Spencer Fisher | $110.00 |

9.      From time to time, other Tonkon Torp attorneys and paralegals may also render services to Debtor in order to take advantage of specialized skills or expertise, to meet the demands of the case schedule or for other appropriate reasons.  Debtor has agreed that Tonkon Torp will also be compensated for the services of these professionals at their usual and customary hourly rates.

10.      Tonkon Torp will maintain detailed, contemporaneous time records of expenses incurred with the rendering of legal services described above by category and nature of services rendered.

11.      In the twelve months proceeding the filing of this Chapter 11 case, Tonkon Torp received payments totaling $47,752.25 for prepetition fees, costs, and expenses, which includes the bankruptcy filing fee of $1,039.00.  In addition, Tonkon Torp holds a $962.50 retainer in its trust account.

12.      Debtor agrees and understands that Tonkon Torp has reserved the right to withdraw as counsel to Debtor, and Debtor hereby consents to such a withdrawal, in the event it becomes apparent Tonkon Torp will not be paid for its services.  Debtor also recognizes that professional fees and costs incurred by Tonkon Torp are subject to approval by the Court after review of fee applications filed by Tonkon Torp.

13.      To the best of Debtor's knowledge, the partners and associates of Tonkon Torp do not have any connection with Debtor, their creditors, any other party in

**Page 4 of 5** -   DEBTOR'S APPLICATION FOR ORDER TO EMPLOY TONKON TORP LLP AS ATTORNEYS FOR DEBTOR

1 | interest, or their respective attorneys or accountants, except as set forth in the Rule 2014

2 | Verified Statement attached hereto.

3 |     14.    Applicant has read local Bankruptcy Rule 2016.

4 |     For the reasons stated in this Application, Debtor requests that the Court enter

5 | an order authorizing it to employ Tonkon Torp to represent Debtor in this Chapter 11 case as

6 | its attorneys herein to render legal services as described above, with compensation and

7 | reimbursement of expenses to be paid as an administrative expense in such amounts as may

8 | be allowed by this Court after notice and hearing pursuant to Section 330 of the Bankruptcy

9 | Code. A copy of a proposed Order Authorizing Employment of Tonkon Torp LLP as

10 | Attorneys for Debtor is attached as Exhibit A.

11 |     DATED: April 12, 2010.

12 |                    Respectfully submitted,

13 |                    Redhills Development Company, LLC

14 |

15 |               By    _/s/ Michael C. Raine_____
                        Michael C. Raine, Member

16 |

17 | Presented by:

18 | TONKON TORP LLP

19 |

20 |   _/s/ James K. Hein_____
     Timothy J. Conway, OSB No. 851752
     James K. Hein, OSB No. 054621
21 | Attorneys for Debtor

22 |

23 |

24 |

25 |

26 |

**Page 5 of 5** -  DEBTOR'S APPLICATION FOR ORDER TO EMPLOY TONKON TORP LLP AS
             ATTORNEYS FOR DEBTOR

# EXHIBIT A

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| In re | ) | Case No.  10-33070-RLD11 |
| | ) | |
| Redhills Development Company, LLC a | ) | **ORDER AUTHORIZING** |
| limited liability company, | ) | **EMPLOYMENT OF TONKON** |
| | ) | **TORP LLP AS ATTORNEYS FOR** |
| Debtor. | ) | **DEBTOR** |

THIS MATTER having come on for a hearing on the application of Redhills

Development Company ("Debtor"), for an Order to Employ Tonkon Torp LLP as Attorneys for

Debtor; the Court having reviewed the Application and accompanying statements, and being

otherwise duly advised in the premises;

NOW, THEREFORE, IT IS HEREBY ORDERED that Debtor be and hereby is

authorized to employ the law firm of Tonkon Torp LLP as general counsel in all matters arising

/ / /

/ / /

/ / /

/ / /

**Page 1 of 2-**   ORDER AUTHORIZING EMPLOYMENT OF TONKON TORP LLP AS
ATTORNEYS FOR DEBTOR

in or related to this proceeding as of the Petition Date, and is further authorized to pay said

attorneys a reasonable fee for their services upon application and order of the Court.

# # #

Presented by:

TONKON TORP LLP

By _____/s/ James K. Hein_____
      Timothy J. Conway, OSB No. 851752
      James K. Hein, OSB No. 054621
      888 S.W. Fifth Avenue, Suite 1600
      Portland, OR  97204-2099
      Telephone:    503-221-1440
      Facsimile:    503-274-8779
      E-mail:      tim.conway @tonkon.com
                     james.hein@tonkon.com

      Attorneys for Debtor

cc:     List of Interested Parties

034619\00002\1291079 V001

**Page 2 of 2-**   ORDER AUTHORIZING EMPLOYMENT OF TONKON TORP LLP AS
                  ATTORNEYS FOR DEBTOR

1                                    **CERTIFICATE OF SERVICE**

2                 I hereby certify that I served the foregoing **DEBTOR'S APPLICATION FOR ORDER TO EMPLOY TONKON TORP LLP AS ATTORNEYS FOR DEBTOR**

3 on the parties indicated as "ECF" on the attached List of Interested Parties by electronic means through the Court's Case Management/Electronic Case File system on the date set

4 forth below.

5                 In addition, I served the foregoing on the parties indicated as "Non-ECF" on the attached List of Interested Parties:

6

7                 ☑ by mailing a copy thereof in a sealed, first-class postage prepaid envelope, addressed to each attorney's last-known address and depositing in the U.S. mail at Portland, Oregon on the date set forth below;

8

9                 ☐ by causing a copy thereof to be hand-delivered to said attorneys at each attorney's last-known office address on the date set forth below;

10                 ☐ by sending a copy thereof via overnight courier in a sealed, prepaid

11 envelope, addressed to each attorney's last-known address on the date set forth below; or

12                 ☐ by faxing a copy thereof to each attorney at his last-known facsimile number on the date set forth below.

13                 DATED:  April 12, 2010.

14                               TONKON TORP LLP

15

16                               By    */s/ James K. Hein*

17                                 Timothy J. Conway, OSB No. 851752
                                James K. Hein, OSB No. 054621

18                                 Of Attorneys for Debtor

19

20 034369/00001/2110029v1

21

22

23

24

25

26

**Page 1 of 1** - CERTIFICATE OF SERVICE

# <u>LIST OF INTERESTED PARTIES</u>

## *In re Redhills Development Company, LLC*
## U.S. Bankruptcy Court Case No. 10-33070-rld11

## ECF PARTICIPANTS:

- US Trustee, Eugene    USTPRegion18.EG.ECF@usdoj.gov

## NON-ECF PARTICIPANTS:

**SECURED CREDITORS**

Bank of the Cascades
150 NW Pacific Park Ln #101
Bend, OR 97701

Bank of the West
POB 515274
Los Angeles, CA 90051-6574

Lane County Tax Collector
125 E 8th Ave
Eugene, OR 97401

Marion County Tax Collector
POB 3416
Portland, OR 97208-3416

Washington County
155 N 1st St
Hillsboro, OR 97124

Yamhill County
535 NE 5th St
McMinnville, OR 97128

**TOP 20 UNSECURED
CREDITORS**

Citibank
POB 6925
The Lakes, NV 88901-6925

Spring Gardens Landscaping
2970 Dorothy St NE
Salem, OR 97301

Michael and Shelley Raine
611 Donald Lane
Newberg, OR 97132

Geffen Mesher
888 SW Fifth Avenue, #800
Portland, OR 97204

Dept of Environmental Quality
Western Region Eugene Office
165 E 7th Avenue, #100
Eugene, OR 97401

Innovative Concrete
16350 Hillsboro Way
Newberg, OR 97132

1

UNITED STATES BANKRUPTCY COURT
DISTRICT OF OREGON

In re                                          )
                                               )  Case No. _____
                                               )
                                               )  RULE 2014 VERIFIED STATEMENT
Debtor(s)                                      )  FOR PROPOSED PROFESSIONAL

**Note:** To file an amended version of this statement per ¶19, file a fully completed amended Rule 2014 statement on LBF #1114 and clearly identify any changes from the previous filed version.

1.  The applicant is not a creditor of the debtor except:

2.  The applicant is not an equity security holder of the debtor.

3.  The applicant is not a relative of the individual debtor.

4.  The applicant is not a relative of a general partner of the debtor (whether the debtor is an individual, corporation, or partnership).

5.  The applicant is not a partnership in which the debtor (as an individual, corporation, or partnership) is a general partner.

6.  The applicant is not a general partner of the debtor (whether debtor is an individual, corporation, or partnership).

7.  The applicant is not a corporation of which the debtor is a director, officer, or person in control.

8.  The applicant is not and was not, within two years before the date of the filing of the petition, a director, officer, or employee of the debtor.

9.  The applicant is not a person in control of the debtor.

10. The applicant is not a relative of a director, officer or person in control of the debtor.

11. The applicant is not the managing agent of the debtor.

12. The applicant is not and was not an investment banker for any outstanding security of the debtor; has not been, within three years before the date of the filing of the petition, an investment banker for a security of the debtor, or an attorney for such an investment banker in connection with the offer, sale, or issuance of a security of the debtor; and is not and was not, within two years before the date of the filing of the petition, a director, officer, or employee of such an investment banker.

13. The applicant has read 11 U.S.C. §101(14) and §327, and FRBP 2014(a); and the applicant's firm has no connections with the debtor(s), creditors, any party in interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the office of the United States Trustee, or any District of Oregon Bankruptcy Judge, except as follows:

14.  The applicant has no interest materially adverse to the interest of the estate or of any class of creditors or equity security holders.

15.  Describe details of all payments made to you by either the debtor or a third party for any services rendered on the debtor's behalf within a year prior to filing of this case:

16.  The debtor has the following affiliates (as defined by 11 U.S.C. §101(2)).  Please list and explain the relationship between the debtor and the affiliate:

17.  The applicant is not an affiliate of the debtor.

18.  Assuming any affiliate of the debtor is the debtor for purposes of statements 4-13, the statements continue to be true except (list all circumstances under which proposed counsel or counsel's law firm has represented any affiliate during the past 18 months; any position other than legal counsel which proposed counsel holds in either the affiliate, including corporate officer, director, or employee; and any amount owed by the affiliate to proposed counsel or its law firm at the time of filing, and amounts paid within 18 months before filing):

19.  The applicant hereby acknowledges that he/she has a duty during the progress of the case to keep the court informed of any change in the statement of facts which appear in this verified statement. In the event that any such changes occur, the applicant immediately shall file with the court an amended verified statement on LBF #1114, with the caption reflecting that it is an amended Rule 2014 statement and any changes clearly identified.

THE FOLLOWING QUESTIONS NEED BE ANSWERED ONLY IF AFFILIATES HAVE BEEN LISTED IN STATEMENT 16.

20.  List the name of any affiliate which has ever filed bankruptcy, the filing date, and court where filed:

21. List the names of any affiliates which have guaranteed debt of the debtor or whose debt the debtor has guaranteed. Also include the amount of the guarantee, the date of the guarantee, and whether any security interest was given to secure the guarantee. Only name those guarantees now outstanding or outstanding within the last 18 months:

22. List the names of any affiliates which have a debtor-creditor relationship with the debtor. Also include the amount and date of the loan, the amount of any repayments on the loan and the security, if any. Only name those loans now outstanding or paid off within the last 18 months:

23. List any security interest in any property granted by the debtor to secure any debts of any affiliate not covered in statements 20 and 21. List any security interest in any property granted by the affiliate to secure any debts of the debtor not covered in statements 21 and 22. Also include the collateral, the date and nature of the security interest, the name of the creditor to whom it was granted, and the current balance of the underlying debt:

24. List the name of any affiliate who is potentially a "responsible party" for unpaid taxes of the debtor under 26 U.S.C. §6672:

I verify that the above statements are true to the extent of my present knowledge and belief.

_____
Applicant

1114 (11/30/09)    Page 3 of 3