|   |   |
|---|---|
| 1 | **Timothy J. Conway**, OSB No. 851752 |
|   | Direct Dial:  (503) 802-2027 |
| 2 | Facsimile:   (503) 972-3727 |
|   | E-Mail:      tim.conway@tonkon.com |
| 3 | **James K. Hein,** OSB No. 054621 |
|   | Direct Dial:  (503) 802-2129 |
| 4 | Facsimile:   (503) 972-3829 |
|   | E-Mail:      james.hein@tonkon.com |
| 5 | **TONKON TORP LLP** |
|   | 1600 Pioneer Tower |
| 6 | 888 S.W. Fifth Avenue |
|   | Portland, OR  97204 |
| 7 |   |
|   |      Attorneys for Debtor |

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| In re | ) | Case No.  10-33070-rld11 |
|---|---|---|
|   | ) |   |
| Redhills Development Company, LLC, a limited liability company, | ) ) ) | **DEBTOR'S APPLICATION TO EMPLOY JOHN L. SCOTT REAL ESTATE AS BROKER** |
|   | ) |   |
|      Debtor. | ) |   |

Pursuant to 11 U.S.C. § 327 and Fed. R. Bankr. P. 2014, Redhills Development Company, LLC, Debtor and Debtor-in-Possession (collectively, "Debtor"), hereby moves this Court for entry of an order authorizing Debtor to employ John L. Scott Real Estate ("Broker") as real estate brokers in connection with Debtor's efforts to sell certain real properties substantially on the terms set forth in the RMLS Oregon Listing Contract Form attached as Exhibit A ("Listing Agreement").  In support of this Application, Debtor represents:

**BACKGROUND**

1.       On April 12, 2010, (the "Petition Date") Debtor filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Bankruptcy Code. Pursuant to Sections 1107 and 1108 of the Code, Debtor continues to operate its business and

**Page 1 of 3** -   DEBTOR'S APPLICATION TO EMPLOY JOHN L. SCOTT REAL ESTATE AS BROKER

1  manage its property as Debtor and Debtor-in-Possession.  No trustee or examiner has been

2  requested or appointed in Debtor's case.

3      2.    Debtor has provided notice of this Application to its secured creditors,

4  to the 20 largest unsecured creditors, and to the Office of the United States Trustee.  No

5  unsecured creditors' committee has yet been appointed in this case.  Because of the nature of

6  the relief requested, Debtor respectfully submits that no further notice of the relief requested

7  is necessary or required under the circumstances.

8      3.    Debtor was formed in 2002 and has several real estate developments

9  throughout the Willamette Valley, including developments in Veneta and Cottage Grove,

10  Oregon.

11      4.    This Court has jurisdiction over this matter pursuant to 28 U.S.C.

12  §§ 157 and 1334 and Fed. R. Bankr. P. 2014.

13      5.    Debtor wishes to retain Broker to assist in connection with Debtor's

14  efforts to sell the home located at 25115 Amber Ct., Veneta, Oregon and homes for the

15  remaining lots in Veneta as well as such other and further properties that Debtor requests

16  Broker to assist in selling (each a "Property" and collectively, the "Properties").  Debtor may

17  retain such other brokers as it deems necessary or appropriate for other properties.

18      6.    Debtor has selected Broker because of its expertise, reputation, and

19  experience in handling transactions of a similar size and nature.  Moreover, Broker served as

20  Debtor's broker prior to this bankruptcy and is familiar with Debtor, the Properties, and the

21  local real estate market.

22      7.    Debtor proposes to pay Broker up to a 5.0% commission in connection

23  with the sale of each Property without further leave of court in the regular course of Debtor's

24  business upon the closing of sales in which Broker provided services in accordance with the

25  form of Listing Agreement.  Debtor requests authority to enter into listing agreements for

26  each Property to be sold on substantially the same terms as found in attached Exhibit A.

**Page 2 of 3** - DEBTOR'S APPLICATION TO EMPLOY JOHN L. SCOTT REAL ESTATE AS
                     BROKER

8. Broker has indicated its willingness to serve as real estate broker for Debtor in connection with the sale of the Properties, to follow Debtor's directions regarding the scope of Broker's activities on Debtor's behalf, and to receive compensation for professional services rendered only upon application and entry of applicable orders of this Court.

9. To Debtor's best knowledge, Broker has no connection with Debtor, the creditors, or any other party-in-interest, their respective attorneys and accountants, the U.S. Trustee, or any person employed in the office of the U.S. Trustee, except as set forth in the Rule 2014 Declaration attached hereto.

10. Debtor intends to pay Broker up to a 5.0% commission for the sale of each Property only upon the closing of such sales to the contracted buyers. This is Broker's ordinary and customary commission, and it is standard for the industry and market.

WHEREFORE, Debtor requests that the Court enter an order authorizing Debtor to employ Broker substantially in the form of Exhibit B.

DATED: April 12, 2010.

TONKON TORP LLP

By   */s/ James K. Hein*
Timothy J. Conway, OSB No. 851752
James K. Hein, OSB No. 054621
Attorneys for Debtor

Page 3 of 3 - DEBTOR'S APPLICATION TO EMPLOY JOHN L. SCOTT REAL ESTATE AS BROKER

# EXHIBIT A

Case 10-33070-rld11    Doc 5    Filed 04/12/10

MAR-18-2010 15:59    JOHN L SCOTT                      541 485 8125    P.02
Mar 18 10 03:58p    Innovative                         5035548004      p.3
MAR-18-2010 14:04    JOHN L SCOTT                      541 485 8125    P.02

RMLS™ OREGON LISTING CONTRACT FORM                    Page 1 of 2
                                                       RMLS 12/2008

**PROPERTY ADDRESS:** _____ **CITY, STATE** Veneta, OR 97487

**1. Exclusive Right to Sell.** In consideration for the services to be rendered by the undersigned PRINCIPAL BROKER, the undersigned SELLER hereby grants to PRINCIPAL BROKER the exclusive right to sell the property located at the address set forth above and more particularly described on the RMLS™ Listing Data Input Form hereto attached (the "Property").

**2. Term.** This Agreement is effective when signed, and shall terminate at 11:59 p.m. on _____, _____. Date marketing to begin, including input into RMLS™, is _____, _____. SELLER further allows PRINCIPAL BROKER a reasonable time after termination of this Agreement to close any transaction on which earnest money is then deposited. No extension or renewal of this Agreement shall be effective unless it is in writing signed by SELLER and PRINCIPAL BROKER.

**3. Right to Compensation.** In consideration for the services herein described, SELLER shall pay PRINCIPAL BROKER the brokerage fee set forth in Section 15 below if SELLER sells or agrees to sell the Property during the term of this Agreement or any extension or renewal hereof, or if PRINCIPAL BROKER or any cooperating broker, including, but not limited to, a buyer's broker: (a) finds a buyer ready and willing to purchase the Property, or to lease the Property with an option to purchase the Property, for the price and terms set forth in the attached RMLS™ Listing Data Input Form or such other price and terms as SELLER may accept; (b) places SELLER in contact with a person to whom SELLER sells the Property or leases the Property with an option to purchase during the term of this Agreement or within 0_____ (0___) days after termination of this Agreement; or (c) is the procuring cause of an agreement to sell the Property or lease the Property with an option to purchase. Section 3 (b) and (c) above shall not apply if, following the termination of this Agreement, SELLER lists the Property for sale with another duly licensed real estate broker and if the application of such section(s) would result in SELLER'S liability for more than one brokerage fee. The term "sale" shall include any exchange, trade, or lease option to which SELLER consents. In the event of an exchange, trade, or lease option, PRINCIPAL BROKER is permitted to represent and receive compensation from both parties. SELLER hereby agrees to pay PRINCIPAL BROKER the compensation set forth in the following sentence in consideration of PRINCIPAL BROKER's agreement to permit SELLER to terminate this Agreement before its expiration. If SELLER terminates this Agreement before its expiration or any extension hereof, and if no additional compensation is owed as provided in Section 3 (a) (b) or (c) above, SELLER shall pay the following percentage of the commission that would be due from a sale of the Property at the listing price: (i) if terminated within 0_____ (0___) days after the date of this Agreement (forty-five [45] if left blank), 0___ percent (25% if left blank); or (ii) if terminated more than 0_____ (0___) days after the date of this Agreement (forty-five [45] if left blank), 0___ percent (50% if left blank). SELLER shall pay the compensation set forth in the preceding sentence to PRINCIPAL BROKER contemporaneously with SELLER's termination of this Agreement, but such payment shall not relieve SELLER from the obligation to pay the balance of the compensation provided for in Section 3 (a), (b) or (c) above should any event described in such subsections occur.

**4. Services; Authority.** PRINCIPAL BROKER will market the Property, and in connection therewith, SELLER hereby authorizes PRINCIPAL BROKER to do the following: (a) place a "for sale" sign on the Property and to remove all other similar signs; (b) turn on, or leave on, all utilities serving the Property and authorize utility providers to do so in order to show the Property, all at SELLER'S expense; (c) obtain and disclose any information pertaining to any present encumbrance on the Property; (d) if authorized pursuant to Section 12 below, obtain a key to the Property and place such key in a lock box on the exterior of the Property, with recognition that SELLER bears any risk of loss or damage associated with the use of such lock box (SELLER should consult SELLER'S homeowner's insurance policy to determine coverage); (e) have access to Property for purposes of showing it to prospective buyers at any reasonable hour; (f) place information regarding this listing and the Property in the RMLS™ Multiple Listing Service; (g) accept deposits on SELLER'S behalf. PRINCIPAL BROKER is authorized to cooperate with other brokers and to divide with such other brokers any commissions or compensation payable under the Agreement; and (h) communicate with SELLER by telephone, facsimile and/or e-mail even after the term of this Listing. Seller hereby authorizes RMLS™ to use, relicense, repurpose, display and otherwise deal with photos and data regarding the Property, without compensation to the SELLER. Such authority shall survive expiration or termination of this Agreement.

**5. Agency.** Seller has received and read a copy of the Initial Agency Disclosure Pamphlet.

**6. SELLER'S Representation and Warranties.** SELLER hereby represents and warrants to PRINCIPAL BROKER: (a) that the undersigned SELLER has full authority to enter into this Agreement and to convey the Property to a buyer; (b) that SELLER has completed the Disclosure Statement referred to in Section 11, if any, accurately based upon SELLER'S personal knowledge and information, and PRINCIPAL BROKER has not made any statement, representation, warranty, investigation, test or other inquiry into the accuracy or adequacy of SELLER'S disclosures; (c) the information on the attached Listing Data Input Form is correct and complete; (d) as of the date(s) of the sale of the Property and transfer of possession, all aspects of the Property will be in substantially their present condition and free of material defects; and (e) before closing of any transaction, SELLER will install an approved smoke detector in the building(s) located on the Property, as required by law.

**7. Indemnity.** SELLER shall defend, indemnify and hold harmless PRINCIPAL BROKER, its licensees and any cooperating broker and its licensees from any liability, claims, damages, causes of action or suits arising out of, or relating to any breach of the representations and warranties set forth herein or in any agreement for the sale of the Property, and from the failure to disclose any material information to PRINCIPAL BROKER relating to the Property.

**8. Attorney's Fees.** If PRINCIPAL BROKER or any cooperating broker refers this Agreement to an attorney for collection of the compensation due hereunder, SELLER shall pay the costs and reasonable attorney's fees of PRINCIPAL BROKER or any

[signature]    Sellers'
               Initials

© RMLS™ 2008. ALL RIGHTS RESERVED.

RMLS™ OREGON LISTING CONTRACT FORM (continued)     Page 2 of 2
                                                   RMLS 12/2008

**PROPERTY ADDRESS:** _____ CITY, STATE Veneta, OR 97487

cooperating broker regardless of whether mediation is conducted or arbitration or litigation is filed. If mediation is conducted or if arbitration or litigation is filed in connection with any dispute relating to this Agreement, the prevailing party shall be entitled to its attorney's fees and costs in connection with such mediation, arbitration or litigation and in any appeal therefrom and enforcement thereof.

9. **Compliance with Law.** SELLER shall comply with all laws relating to the Property and the sale thereof, including without limitation, the obligation to offer the Property for sale to any person without regard to age, race, color, religion, sex, handicap, marital status, familial status, or national origin.

10. **Dispute Resolution.** SELLER and PRINCIPAL BROKER, including the licensees of each, if any, agree that all claims, controversies or disputes, including those for recission (hereinafter collectively referred to as "Claims"), relating directly or indirectly to this Agreement, shall be resolved in accordance with the procedures set forth herein which shall expressly survive closing. Provided, however, the following matters shall not constitute Claims: (a) any proceeding to collect, interpret or enforce any mortgage, trust deed, land sale contract, or recorded construction lien; (b) a forcible entry and detainer action; (c) any dispute between REALTORS® which is subject to the Professional Standards Arbitration provisions of the National Association of REALTORS®. The filing of a notice of pending action ("lis pendens") or the application to any court for the issuance of any provisional process or similar remedy described in the Oregon or Federal Rules of Civil Procedure shall not constitute a waiver of the right or duty to use the procedures specified below.

Notwithstanding the following provisions, SELLER, PRINCIPAL BROKER and the licensees, if any, mutually agree that all Claims within the jurisdiction of the Small Claims Court shall be brought and decided there, in lieu of mediation, arbitration or litigation in any other court of law.

If SELLER was represented in this transaction by a licensee who was then a member of the National Association of REALTORS®, all claims shall be submitted to mediation in accordance with the procedures of the Home Seller/Home Buyer Dispute Resolution System of the National Association of REALTORS® or other organization-adopted mediation program (collectively the "System"). Provided, however, if the System is not then available through the licensees' Association of REALTORS®, then the SELLER, PRINCIPAL BROKER and/or licensees shall not be required to engage in mediation.

All claims that have not been resolved by mediation, or otherwise, shall be submitted to final and binding private arbitration in accordance with Oregon Laws. Filing for arbitration shall be treated the same as filing in court for purposes of meeting any applicable statutes of limitation or for purposes of filing a lis pendens. SELLER, PRINCIPAL BROKER and/or their licensees may use any professional arbitration company which provides such service to the county where the Property is located, as selected by the party first filing for arbitration. Provided, however, if no arbitration company has available services when the Claim arose, neither SELLER, PRINCIPAL BROKER, nor their respective licensees, if any, shall be required to participate in arbitration.

BY CONSENTING TO THIS PROVISION YOU ARE AGREEING THAT DISPUTES ARISING UNDER THIS AGREEMENT SHALL BE HEARD AND DECIDED BY ONE OR MORE NEUTRAL ARBITRATORS AND YOU ARE GIVING UP THE RIGHT TO HAVE THE MATTER TRIED BY A JUDGE OR JURY. THE RIGHT TO APPEAL AN ARBITRATION DECISION IS LIMITED UNDER OREGON LAW.

11. **Disclosure Statement.** Unless exempt, SELLER has completed a Seller's Property Disclosure Statement regarding the Property as provided by Oregon law, and SELLER hereby authorizes BROKER to: (a) deliver a copy of such Disclosure Statement to any prospective Buyer; and (b) rely solely upon SELLER'S representations set forth in this Agreement and in the Disclosure Statement without further inquiry or diligence on BROKER'S part.

12. **Lock Box.** SELLER ☑ does ☐ does not (check one) authorize PRINCIPAL BROKER to place a lock box on the Property.

13. **Internet.** SELLER ☑ does ☐ does not (check one) authorize PRINCIPAL BROKER to advertise the property on the Internet.

14. **Modification.** No provision of this Agreement, including, without limitation, the amount of the brokerage fee set forth in section 15, may be modified except in writing signed by SELLER and by PRINCIPAL BROKER.

15. **Brokerage Fee.** SELLER shall pay a brokerage fee as set forth in Section 3 above in an amount equal to **5**_____ % of the selling price or option exercise price of the Property or $ **0**_____. SELLER hereby irrevocably assigns to PRINCIPAL BROKER the proceeds of such transaction to the extent of PRINCIPAL BROKER'S fee and irrevocably instructs the escrow agent, if any, to pay PRINCIPAL BROKER'S fee at closing out of such proceeds. List Price $_____. In the event of forfeiture of earnest money for any transaction relating to this listing service agreement, the earnest money shall be disbursed as follows: SELLER **100**___ % PRINCIPAL BROKER **0**___ % OR (check if applicable) ☐ to PRINCIPAL BROKER to the extent of the brokerage fee, with balance to SELLER.

Date of BROKER'S signature __1/6/10__          Date of SELLER'S signature __1/6/10__
BROKER Signature __[signature]__               SELLER __[signature]__ 3-18-2010
FIRM NAME __John L. Scott Real Estate__        SELLER _____
                                               (if legal representative or attorney-in-fact state capacity and name of real party in interest)
Date of PRINCIPAL BROKER'S signature _____   ADDRESS __16350 N.E. Hillsboro Hwy__
PRINCIPAL BROKER Signature _____     ADDRESS __Newberg, OR 97132__
Phone: __541-687-1415__                        Phone (w) __(503) 267-5567__ (h) _____

© RMLS™ 2008. ALL RIGHTS RESERVED.

# EXHIBIT B

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| In re | Case No. 10-33070-rld11 |
|---|---|
| Redhills Development Company, a limited liability company,<br><br>Debtor. | **ORDER APPROVING DEBTOR'S APPLICATION TO EMPLOY JOHN L. SCOTT REAL ESTATE AS BROKER** |

THIS MATTER came before the Court on Debtor's Application to Employ John L. Scott Real Estate as Broker (the "Application"). The Court having reviewed the Application together with the Rule 2014 Declaration in Support of Debtor's Application to Employ John L. Scott Real Estate as Broker and finding that the employment is appropriate;

NOW, THEREFORE, IT IS HEREBY ORDERED that the Application is GRANTED, and Debtor is authorized to employ John L. Scott Real Estate ("Broker") as real estate brokers in connection with Debtor's efforts to sell various real properties substantially on the terms set forth in the RMLS Oregon Listing Contract Form ("Listing Agreement"), which was attached to the Application, and Debtor is further authorized to pay Broker commissions for

**Page 1 of 2** -   ORDER APPROVING DEBTOR'S APPLICATION TO EMPLOY JOHN L. SCOTT REAL ESTATE AS BROKER

Broker's services in accordance with the Listing Agreement in the ordinary course of Debtor's business, without further leave or order from this Court.

# # #

Presented by:

TONKON TORP LLP


By     */s/ James K. Hein*
    Timothy J. Conway, OSB No. 851752
    James K. Hein, OSB No. 054621
    888 S.W. Fifth Avenue, Suite 1600
    Portland, OR 97204-2099
    Telephone:   503-221-1440
    Facsimile:    503-274-8779
    E-mail:       tim.conway@tonkon.com
                     james.hein@tonkon.com
    Attorneys for Debtor


cc:    List of Interested Parties


034312\00001\1141424 V001

# CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing **DEBTOR'S APPLICATION TO EMPLOY JOHN L. SCOTT REAL ESTATE AS BROKER** on the parties indicated as "ECF" on the attached List of Interested Parties by electronic means through the Court's Case Management/Electronic Case File system on the date set forth below.

In addition, I served the foregoing on the parties indicated as "Non-ECF" on the attached List of Interested Parties:

☑ by mailing a copy thereof in a sealed, first-class postage prepaid envelope, addressed to each attorney's last-known address and depositing in the U.S. mail at Portland, Oregon on the date set forth below;

☐ by causing a copy thereof to be hand-delivered to said attorneys at each attorney's last-known office address on the date set forth below;

☐ by sending a copy thereof via overnight courier in a sealed, prepaid envelope, addressed to each attorney's last-known address on the date set forth below; or

☐ by faxing a copy thereof to each attorney at his last-known facsimile number on the date set forth below.

DATED: April 12, 2010.

TONKON TORP LLP

By  */s/ James K. Hein*
Timothy J. Conway, OSB No. 851752
James K. Hein, OSB No. 054621
Of Attorneys for Debtor

034369/00001/2110191v1

Page 1 of 1 - CERTIFICATE OF SERVICE

# LIST OF INTERESTED PARTIES

## *In re Redhills Development Company, LLC*
**U.S. Bankruptcy Court Case No. 10-33070-rld11**

## ECF PARTICIPANTS:

- US Trustee, Eugene    USTPRegion18.EG.ECF@usdoj.gov

## NON-ECF PARTICIPANTS:

**SECURED CREDITORS**

Bank of the Cascades
150 NW Pacific Park Ln #101
Bend, OR 97701

Bank of the West
POB 515274
Los Angeles, CA 90051-6574

Lane County Tax Collector
125 E 8th Ave
Eugene, OR 97401

Marion County Tax Collector
POB 3416
Portland, OR 97208-3416

Washington County
155 N 1st St
Hillsboro, OR 97124

Yamhill County
535 NE 5th St
McMinnville, OR 97128

**TOP 20 UNSECURED CREDITORS**

Citibank
POB 6925
The Lakes, NV 88901-6925

Spring Gardens Landscaping
2970 Dorothy St NE
Salem, OR 97301

Michael and Shelley Raine
611 Donald Lane
Newberg, OR 97132

Geffen Mesher
888 SW Fifth Avenue, #800
Portland, OR 97204

Dept of Environmental Quality
Western Region Eugene Office
165 E 7th Avenue, #100
Eugene, OR 97401

Innovative Concrete
16350 Hillsboro Way
Newberg, OR 97132

**OTHER**

Stacy Freitas
John L. Scott Real Estate
2286 Oakmont Way
Eugene, OR 97401

UNITED STATES BANKRUPTCY COURT
DISTRICT OF OREGON

In re )
) Case No. _____
)
) RULE 2014 VERIFIED STATEMENT
Debtor(s) ) FOR PROPOSED PROFESSIONAL

**Note:** To file an amended version of this statement per ¶19, file a fully completed amended Rule 2014 statement on LBF #1114 and clearly identify any changes from the previous filed version.

1. The applicant is not a creditor of the debtor except:

2. The applicant is not an equity security holder of the debtor.

3. The applicant is not a relative of the individual debtor.

4. The applicant is not a relative of a general partner of the debtor (whether the debtor is an individual, corporation, or partnership).

5. The applicant is not a partnership in which the debtor (as an individual, corporation, or partnership) is a general partner.

6. The applicant is not a general partner of the debtor (whether debtor is an individual, corporation, or partnership).

7. The applicant is not a corporation of which the debtor is a director, officer, or person in control.

8. The applicant is not and was not, within two years before the date of the filing of the petition, a director, officer, or employee of the debtor.

9. The applicant is not a person in control of the debtor.

10. The applicant is not a relative of a director, officer or person in control of the debtor.

11. The applicant is not the managing agent of the debtor.

12. The applicant is not and was not an investment banker for any outstanding security of the debtor; has not been, within three years before the date of the filing of the petition, an investment banker for a security of the debtor, or an attorney for such an investment banker in connection with the offer, sale, or issuance of a security of the debtor; and is not and was not, within two years before the date of the filing of the petition, a director, officer, or employee of such an investment banker.

13. The applicant has read 11 U.S.C. §101(14) and §327, and FRBP 2014(a); and the applicant's firm has no connections with the debtor(s), creditors, any party in interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the office of the United States Trustee, or any District of Oregon Bankruptcy Judge, except as follows:

14. The applicant has no interest materially adverse to the interest of the estate or of any class of creditors or equity security holders.

15. Describe details of all payments made to you by either the debtor or a third party for any services rendered on the debtor's behalf within a year prior to filing of this case:

16. The debtor has the following affiliates (as defined by 11 U.S.C. §101(2)). Please list and explain the relationship between the debtor and the affiliate:

17. The applicant is not an affiliate of the debtor.

18. Assuming any affiliate of the debtor is the debtor for purposes of statements 4-13, the statements continue to be true except (list all circumstances under which proposed counsel or counsel's law firm has represented any affiliate during the past 18 months; any position other than legal counsel which proposed counsel holds in either the affiliate, including corporate officer, director, or employee; and any amount owed by the affiliate to proposed counsel or its law firm at the time of filing, and amounts paid within 18 months before filing):

19. The applicant hereby acknowledges that he/she has a duty during the progress of the case to keep the court informed of any change in the statement of facts which appear in this verified statement. In the event that any such changes occur, the applicant immediately shall file with the court an amended verified statement on LBF #1114, with the caption reflecting that it is an amended Rule 2014 statement and any changes clearly identified.

THE FOLLOWING QUESTIONS NEED BE ANSWERED ONLY IF AFFILIATES HAVE BEEN LISTED IN STATEMENT 16.

20. List the name of any affiliate which has ever filed bankruptcy, the filing date, and court where filed:

21. List the names of any affiliates which have guaranteed debt of the debtor or whose debt the debtor has guaranteed. Also include the amount of the guarantee, the date of the guarantee, and whether any security interest was given to secure the guarantee. Only name those guarantees now outstanding or outstanding within the last 18 months:

22. List the names of any affiliates which have a debtor-creditor relationship with the debtor. Also include the amount and date of the loan, the amount of any repayments on the loan and the security, if any. Only name those loans now outstanding or paid off within the last 18 months:

23. List any security interest in any property granted by the debtor to secure any debts of any affiliate not covered in statements 20 and 21. List any security interest in any property granted by the affiliate to secure any debts of the debtor not covered in statements 21 and 22. Also include the collateral, the date and nature of the security interest, the name of the creditor to whom it was granted, and the current balance of the underlying debt:

24. List the name of any affiliate who is potentially a "responsible party" for unpaid taxes of the debtor under 26 U.S.C. §6672:

I verify that the above statements are true to the extent of my present knowledge and belief.

_____
Applicant

1114 (11/30/09)    Page 3 of 3